IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GABRIEL DE LA VEGA, <br><br> Plaintiff, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. 6:19-cv-612-ADA |

**DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Microsoft Corporation ("Microsoft") files this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and respectfully shows the following.

**I.     INTRODUCTION**

Plaintiff Gabriel De La Vega ("De La Vega") filed his Complaint on October 16, 2019 (Dkt. No. 1) and filed a First Amended Complaint the same day (Dkt. No. 7). De La Vega accuses Microsoft of directly and indirectly infringing U.S. Patent No. 10,205,986 ("the '986 Patent"). De La Vega's Complaint should be dismissed because even accepting the factual allegations as true, De La Vega cannot prove that Microsoft or anyone else directly infringes the asserted claims of the '986 Patent as a matter of law. This failure dooms De La Vega's claims for indirect infringement because direct infringement by others is a necessary predicate to prove active inducement of infringement and contributory infringement. Moreover, De La Vega cannot cure these defects by amending its Complaint. Therefore, Microsoft respectfully requests that the Court grant this motion and dismiss the Complaint with prejudice.

## II.     FACTUAL BACKGROUND

De La Vega accuses Microsoft of directly and indirectly infringing claims 1 and 9. Dkt. No. 7 at ¶ 21. Claim 1, a method claim, is set forth below:

> 1. A method for selecting streaming image content from a network comprising:
>
> providing real-time streaming image content output by a camera from at least one mobile content provider;
>
> coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, <u>wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion</u> within the cellular telephony coverage area;
>
> presenting said real-time streaming image content from said mobile content provider on a server homepage for selection; and
>
> selecting said real-time streaming image content from said at least one mobile content provider presented on said homepage for viewing in real-time over the Internet, wherein a viewer filters the real-time streaming image content by selection criteria comprising at least one of a location, a name, a type, and an audio commentary.

*Id*. at 9:21-41 (emphasis added). Paragraphs 20-22 and 24 of the Complaint contain De La Vega's allegations of direct infringement of claim 1. Claim 9, a system claim, is set forth below:

> 9. A system for selecting streaming image content from a network comprising:
>
> means for providing real-time streaming image content output by a camera from at least one mobile content provider;
>
> means for coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, <u>wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion</u> within the cellular telephony coverage area;

>means for presenting said real-time streaming image content from said mobile content provider on a server homepage for selection;
>
>means for presenting filtered content by selection criteria filtered by a viewer, the selection criteria comprising at least one of a location, a name, a type, and an audio commentary of said real-time streaming image content on the homepage; and
>
>means for selecting said real-time streaming image content from said mobile content provider presented on said homepage for viewing in real-time over the Internet.

*Id*. at 10:9-32 (emphasis added). The Complaint does not contain any specific allegations regarding claim 9.

Claims 1 and 9 each require that the "real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area." *Id*. Accordingly, De La Vega admits that "[t]he claims in the '986 patent require that the user taking the video be in motion." Dkt. No. 7 at ¶ 15. De La Vega further contends that "[t]he invention embodied in the '986 Patent allows a user to be in motion while taking a video using cellular telephony for the purpose of live streaming said video on a content providers [*sic*] homepage wherein another user may filter the displayed videos by name, location, geography etc." *Id*. at ¶ 17.

De La Vega accuses Microsoft's Mixer web service (https://mixer.com) and Mixer Create app, which runs on iOS and Android mobile devices such as smartphones and tablets, of directly infringing claim 1. *See* Dkt. No. 7 at ¶¶ 20-22, 24. Pages 7-18 of the Complaint (part of ¶ 24) include screenshots of the Microsoft Mixer website and the Mixer Create application, along with several third-party articles about Mixer.[1] The Mixer service allows users to broadcast their

---

[1] One Mixer website screenshot and two third-party articles about Mixer are repeated in the same order three times within pages 7-18, with no explanation how they support De La Vega's factual allegations.

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**　　　　　　　　Page 3

games while playing on a Microsoft Xbox One console or Windows 10 PC. Similarly, the Mixer Create app allows users to either stream their mobile gameplay or video from the mobile device's camera. *See id*. at 7. The streamed video from these sources can then be viewed by others on the Mixer website. *See id*. at 8.

### III. LEGAL STANDARD

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), a court takes as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a Rule 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to "raise a right to relief above the speculative level." *Id.* A well-pleaded complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556. However, the plaintiff must plead facts sufficient to "state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Induced infringement claims must also state a plausible claim under *Twombly* and *Iqbal*. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012). Such allegations must include allegations of fact that, if true, would establish direct infringement of at least one claim of each patent for which indirect infringement is alleged. See *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) ("[O]ur case law

leaves no doubt that inducement liability may arise if, but only if [there is] … direct infringement." (internal quotation omitted)). The complaint must further allege facts showing "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011).

Contributory infringement claims likewise must satisfy the pleading requirements set forth in *Twombly* and *Iqbal*. *In re Bill of Lading*, 681 F.3d at 1336-37. "For contributory infringement, the question is whether there is substantial evidence to support a finding under this theory. A party is liable for contributory infringement if that party sells, or offers to sell, a material or apparatus for use in practicing a patented process. That 'material or apparatus' must be a material part of the invention, have no substantial noninfringing uses, and be known (by the party) 'to be especially made or especially adapted for use in an infringement of such patent." *I4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850-51 (Fed. Cir. 2010).

## IV.   ARGUMENT

### A.   De La Vega's Claim of Direct Infringement Should Be Dismissed

De La Vega's Complaint does not plausibly allege that Microsoft or any third-party directly infringes the '986 Patent. Plaintiff alleges that "Defendant infringes the '986 patent by completing each step of claim 1 for selecting streaming image content from a network," but Microsoft cannot plausibly perform all the steps of claim 1. *See* Dkt. No. 7 at ¶ 24. The Plaintiff unwittingly highlights the problems with the asserted claims by observing that "[t]he invention embodied in the '986 Patent allows *a user* to be in motion while taking a video using cellular telephony for the purpose of live streaming said video on a content providers [*sic*] homepage wherein *another user* may filter the displayed videos by name, location, geography etc." *Id*. at ¶ 17 (emphasis added). In this scenario, Microsoft provides at most "a content provider's

homepage," whereas *two different users* perform the steps of claim 1, the epitome of divided infringement.

In the method of claim 1, a first user (not Microsoft) performs the steps of "providing real-time streaming image content output by a camera from at least one mobile content provider" and "coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area." '986 Patent at 9:23-31. De La Vega does not allege that any user of Mixer takes video using a camera while in motion and streams that video using a cellular telephony network, yet these are critical limitations of claim 1.

De La Vega arguably alleges that Microsoft's Mixer service performs the next step of claim 1, "presenting said real-time streaming image content from said mobile content provider on a server homepage for selection." *Id*. at 9:32-34. But as De La Vega explicitly admits in ¶ 17 of the Complaint, *another user* performs the final step of claim 1, "selecting said real-time streaming image content from said at least one mobile content provider presented on said homepage for viewing in real-time over the Internet, wherein a viewer filters the real-time streaming image content by selection criteria comprising at least one of a location, a name, a type, and an audio commentary." *Id*. at 9:35-41. In other words, a first user streams the video taken with a camera over a cellular telephony network while in motion and couples the streaming video to the network, and a second user selects the real-time streaming video from the homepage to view it over the Internet. It is axiomatic that Microsoft cannot directly infringe a method claim when two separate third parties perform three of the four steps of the claim.

Accordingly, the Court should dismiss De La Vega's claim of direct infringement by Microsoft.

### B. De La Vega's Claims of Induced and Contributory Infringement Should Be Dismissed

De La Vega's claims of induced and contributory infringement should be dismissed because De La Vega did not adequately plead an underlying act of direct infringement as the required predicate for those claims. *See Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement … ."). De La Vega's allegations of induced infringement in paragraphs 25-29 of the Complaint consist of little more than a recitation of the elements of active inducement. Similarly, De La Vega's allegations of contributory infringement in paragraphs 30-34 contains nothing more than a list of the elements necessary to prove contributory infringement. A complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When it comes to the required predicate of direct infringement, De La Vega merely alleges that "Defendant's customers … use the Accused Instrumentality in an infringing manner." Dkt. No. 7 at ¶¶ 27, 29, 32. Such allegations are merely legal conclusions that should be disregarded in considering Plaintiff's claims of induced and contributory infringement.

Accordingly, the Court should dismiss De La Vega's claims of induced and contributory infringement by Microsoft.

### V. CONCLUSION

For the foregoing reasons, Microsoft respectfully requests that the Court dismiss Plaintiffs' claims for direct, induced and contributory infringement with prejudice.

Dated: December 12, 2019						Respectfully submitted,


							/s/ *Barry K. Shelton*
							Barry K. Shelton
							Texas State Bar No. 24055029
							**SHELTON COBURN LLP**
							311 RR 620, Suite 205
							Austin, TX 78734-4775
							bshelton@sheltoncoburn.com
							(512) 263-2165 (Telephone)
							(512) 263-2166 (Facsimile)

							*Attorneys for Microsoft Corporation*

## CERTIFICATE OF SERVICE

      I certify that on December 12, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              /s/ *Barry K. Shelton*
                                                Barry K. Shelton