IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
MAR 16 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| GABRIEL DE LA VEGA, JR., | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:19-cv-00612-ADA |
| MICROSOFT CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO F.R.C.P. 60, APPLICATION FOR FURTHER STAY OF EXECUTION, AND SUPPORTING MEMORANDUM

### I. INTRODUCTION

Pursuant to F.R.C.P. 60(b), Plaintiff Gabriel De La Vega Jr. and his counsel Austin Hansley move the Court for an Order granting relief from its Judgment, dated February 25, 2020, Dkt. No. 39, which granted Defendant Microsoft Corporation's motion for attorney's fees in the amount of $5,457 and requests a further stay of execution of the judgment for the duration of proceedings in this Court.

### II. PROCEDURAL HISTORY

On February 18, 2020 Defendant Microsoft Corporation filed its motion for aware of attorneys' fees ("Defendant's Motion") Dkt. No. 31. Thereafter the Court entered its opinion on Defendant's Motion on February 25, 2020 Dkt. No. 33, which was less than seven (7) days after Defendant filed its Motion, without giving Plaintiff the opportunity to respond the Defendant's Motion nor did Mr. Hansley receive notice that Defendant Microsoft Corporation would be filing a motion for sanctions falsely accusing Mr. Hansley of bad faith. *See* Declaration of Austin Hansley.

1

**Notice of Electronic Filing**

The following transaction was entered by Shelton, Barry on 2/18/2020 at 9:25 AM CST and filed on 2/18/2020
**Case Name:**     De La Vega v. Microsoft Corporation
**Case Number:**   6:19-cv-00612-ADA
**Filer:**         Microsoft Corporation
**WARNING: CASE CLOSED on 02/05/2020**
**Document Number:** 31

**Docket Text:**
MOTION for Attorney Fees by Microsoft Corporation. (Attachments: # (1) Affidavit of Barry K. Shelton, # (2) Exhibit A, # (3) Proposed Order)(Shelton, Barry)

The following transaction was entered on 2/25/2020 at 8:11 AM CST and filed on 2/24/2020
**Case Name:**     De La Vega v. Microsoft Corporation
**Case Number:**   6:19-cv-00612-ADA
**Filer:**
**WARNING: CASE CLOSED on 02/05/2020**
**Document Number:** 33

**Docket Text:**
ORDER GRANTING [31] Motion for Attorney Fees. IT IS FURTHER ORDERED that the Hansley Law Firm is liable for payment of Microsoft's attorneys fees in the amount of $5,457.00. The Court ORDERS the Hansley Law Firm must tender payment of that entire amount to Microsoft's Counsel within thirty (30) days of this Order and seek reimbursement from Plaintiff De La Vega if appropriate. IT IS FURTHER ORDERED that Plaintiff's Counsel, Austin Hansley, complete ten (10) hours of legal ethics courses by an accredited provider within ninety (90) days of this Order and provide proof to the Court that he has done so. Until Mr. Hansley completes those ethics courses and notifies the Court, all attorneys from the Hansley Law Firm are prohibited from filing anything on the Western District of Texas ECF system.2 The Clerks Office for the Western District of Texas is directed to suspend the ECF filing privileges for all members of the Hansley Law Firm until further ordered. Signed by Judge Alan D Albright. (am)

*See* Declaration of Austin Hansley.

### III. LEGAL STANDARD

A motion for relief from a judgment pursuant to F.R.C.P. 60(d)(3) provides that This rule does not limit a court's power to: set aside a judgment for fraud on the court. Rule 60(d)(3) functions as a saving clause: it allows courts to "set aside a judgment for fraud on the court" without a strict time bar. The standard for "fraud on the court" is, as a consequence, demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace [s] ... the species of fraud which does or attempts to [ ] defile the court itself." *Wilson v. Johns–Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir.1989).

*Hazel-Atlas Glass* recognized a court's inherent power to vacate a judgment obtained by fraud. Courts are given wide discretion in determining whether relief should be granted under Rule 60(d)(3) based on fraud. *Buck v. Thaler*, 452 F. App'x 423, 431 (5th Cir. 2011).

### IV. FACTS AND ARGUMENT

2

In the Court's order on Defendant Microsoft's Motion it states that "Mr. O'Finan further informed the Court that he was not in favor of filing the February 5th Notices of Voluntary Withdrawal but deferred to Mr. Hansley's decision on the matter and allowed Mr. Hansley to use his Electronic Case Filing System login as Mr. Hansley had not made an appearance in the case." (H'rg 7:23-8:9, February 14, 2020). In fact, these statements are false, Mr. O'Finan knew they were false, and specifically intended to mislead this Court which amounts to fraud upon this Court. *See* Declaration of Austin Hansley.

Mr. O'Finan first approached Mr. Hansley with the proposition that it may be necessary to file a notice of voluntary dismissal without prejudice. On February 5, 2020 at 9:27 a.m. Mr. O'Finan sent Mr. Hansley an email stating "If you are interested in helping your client. You may want to quickly file a Voluntary Dismissal WITHOUT Prejudice before the Court signs and files a formal Order Dismissing the Case WITH Prejudice." *See* Declaration of Austin Hansley.

De La Vega

Paul O'Finan <pofinan@hansleyfirm.com>                                    Wed, Feb 5, 9:27 AM
to me

If you are interested in helping your client. You may want to quickly file a Voluntary Dismissal WITHOUT Prejudice before the Court signs and files a formal Order Dismissing the Case WITH Prejudice.

By: */s/ Paul W. O'Finan*
Paul W. O'Finan

This is in direct conflict with the statement that Mr. O'Finan represented to the Court at the hearing regarding the notice of voluntary dismissal without prejudice where Mr. O'Finan stated that he was not in favor of filing the February 5th Notices of Voluntary Withdrawal. (H'rg 7:23-8:9, February 14, 2020). *See* Declaration of Austin Hansley.

Additionally, Mr. O'Finan made the false representation to the Court that he had "allowed Mr. Hansley to use his Electronic Case Filing System login as Mr. Hansley had not made an appearance in the case." (H'rg 7:23-8:9, February 14, 2020). *See* Declaration of Austin Hansley.

3

> Paul O'Finan <pofinan@hansleyfirm.com>  Wed, Feb 5, 10:02 AM
> to me
> You draft it and I will file it
> By: /s/ Paul W. O'Finan
>
> ...
>
> Austin Hansley <ahansley@hansleyfirm.com>  Wed, Feb 5, 1:02 PM
> to Paul
> Attached find the voluntary dismissals. They have been approved by the client.
>
> Best Regards,
>
> By: /s/ Austin Hansley
> HANSLEY LAW FIRM, PLLC
> Austin L. Hansley
> Texas Bar No.: 24073081
> 2931 Ridge Rd.
> STE 101 #530
> Rockwall, Texas 75032
> Telephone: (972) 528-9321 ext. 1000
> Facsimile: (972) 370-3559
> Email: ahansley@hansleyfirm.com
> www.hansleyfirm.com

*See* Declaration of Austin Hansley.

As seen in the screenshot of Mr. Hansley's email, Mr. O'Finan told Mr. Hansley that if Mr. Hansley drafted the notice of voluntary dismissal without prejudice then Mr. O'Finan would file it. This is in direct conflict with what Mr. O'Finan represented to the Court when he stated that he "allowed Mr. Hansley to use his Electronic Case Filing System login as Mr. Hansley had not made an appearance in the case." (H'rg 7:23-8:9, February 14, 2020). This complete disrespect for this Court amounts to fraud upon the Court which allows this Court to set aside the judgment pursuant to F.R.C.P. 60(d)(3). Mr. O'Finan made these statements with the intention to place blame on Mr. Hansley his boss and the owner of the firm in which he was employed at the time of these misstatements. While Mr. O'Finan's resignation letter was dated January 17, 2020 the letter states that "during the next two business weeks, I would like to get on file, with the Federal District of New Jersey and the Federal Western District of Texas, Motions to Withdraw and/or Motions to Substitute in all the cases in these Federal Districts where I am the only licensed counsel representing the clients of the Firm. If two weeks constitutes insufficient Notice to hire local

4

counsel and have the motions ruled on and granted, I will stay on until you have licensed counsel for all cases and jurisdictions where I am lead/only counsel unless the Court grants my Motion(s) to withdraw sooner." *See* Declaration of Austin Hansley.

> Austin Hansley  January 17, 2020
> Hansley Law Firm, PLLC
> 2931 Ridge Rd.
> STE 101 #530
> Rockwall, Texas 75032
>
> Subj: RESIGNATION
>
> Dear Mr. Hansley
>
> I am providing you with Notice that I am resigning from the Hansley Law Firm, PLLC. (The Firm) My resignation will be effective on the first day of February, 2020 or sooner by agreement.
>
> During the next two business weeks, I would like to get on file, with the Federal District of New Jersey and the Federal Western District of Texas, Motions to Withdraw and/or Motions to Substitute in all the cases in these Federal Districts where I am the only licensed counsel representing the clients of the Firm.
>
> If two weeks constitutes insufficient Notice to hire local counsel and have the motions ruled on and granted, I will stay on until you have licensed counsel for all cases and jurisdictions where I am lead/only counsel unless the Court grants my Motion(s) to withdraw sooner.

*See* Declaration of Austin Hansley.

In fact, Mr. O'Finan's resignation letter contained false allegations attempting to fraudulently induce Mr. Hansley to pay him additional compensation. Mr. O'Finan's resignation letter indicates that Mr. Hansley promised to pay him a portion of contingency fees on the firm's cases. This indication is false and the only agreement between Mr. Hansley and Mr. O'Finan was to pay a salary of $50,000 per year. Additionally, Mr. O'Finan falsely represents in his letter that the "original deal was that I started at $50,000.00 per year with a pay raise to $90,000.00 starting in December 2019." There was never an agreement to pay Mr. O'Finan $90,000 starting in December 2019. *See* Declaration of Austin Hansley.

Mr. O'Finan is an ex-CIA employee and is a trained spy. I believe that Mr. O'Finan may have entered my firm to sabotage it but the reason for wanting to do that is beyond me. When I interviewed him, he claimed that he was trying to help me. While working for my firm, I personally witnessed Mr. O'Finan working on his own cases without my consent and I found out later that

5

Mr. O'Finan was working for another law firm doing family law while Mr. O'Finan was supposed to be working on the firm's cases. During this period Mr. O'Finan was fraudulently secreting payroll funds from my firm. *See* Declaration of Austin Hansley.

Furthermore, the Western District of Texas' local rule CV-7(e)(2) provides that "a response to a nondispositive motion shall be filed not later than 7 days after the filing of the motion." In fact, the Court's order granting Defendant Microsoft Corporation's motion for attorneys' fees was docketed on February 25, 2020 at 8:11 a.m. which is less than seven (7) full days from when Defendant Microsoft Corporation filed its motion for attorneys' fees on February 18, 2020 at 9:25 a.m. Additionally, Plaintiff was not afforded a hearing to which the subject was the deprivation of property rights. *See Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). Therefore, Plaintiff was not afforded adequate due process in responding to Defendant's motion for attorneys' fees which is a violation of Plaintiff's due process rights under the U.S. Constitution which this Court has vowed to uphold.

**Notice of Electronic Filing**

The following transaction was entered by Shelton, Barry on 2/18/2020 at 9:25 AM CST and filed on 2/18/2020
Case Name:  De La Vega v. Microsoft Corporation
Case Number:  6:19-cv-00612-ADA
Filer:  Microsoft Corporation
WARNING: CASE CLOSED on 02/05/2020
Document Number: 31

Docket Text:
MOTION for Attorney Fees by Microsoft Corporation. (Attachments: # (1) Affidavit of Barry K. Shelton, # (2) Exhibit A, # (3) Proposed Order)(Shelton, Barry)

The following transaction was entered on 2/25/2020 at 8:11 AM CST and filed on 2/24/2020
Case Name:  De La Vega v. Microsoft Corporation
Case Number:  6:19-cv-00612-ADA
Filer:
WARNING: CASE CLOSED on 02/05/2020
Document Number: 33

Docket Text:
ORDER GRANTING [31] Motion for Attorney Fees. IT IS FURTHER ORDERED that the Hansley Law Firm is liable for payment of Microsoft's attorneys fees in the amount of $5,457.00. The Court ORDERS the Hansley Law Firm must tender payment of that entire amount to Microsoft's Counsel within thirty (30) days of this Order and seek reimbursement from Plaintiff De La Vega if appropriate. IT IS FURTHER ORDERED that Plaintiffs Counsel, Austin Hansley, complete ten (10) hours of legal ethics courses by an accredited provider within ninety (90) days of this Order and provide proof to the Court that he has done so. Until Mr. Hansley completes those ethics courses and notifies the Court, all attorneys from the Hansley Law Firm are prohibited from filing anything on the Western District of Texas ECF system.2 The Clerks Office for the Western District of Texas is directed to suspend the ECF filing privileges for all members of the Hansley Law Firm until further ordered. Signed by Judge Alan D Albright. (am)

*See* Declaration of Austin Hansley.

When there is no material fact in dispute, due process requires only that the delinquent party be provided with notice of the possibility that sanctions will be imposed and with an

6

opportunity to present evidence or arguments against their imposition. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). Here Defendant Microsoft Corporation did not provide Plaintiff or Mr. Hansley with notice of their motion for attorneys' fees which came as a surprise to Mr. Hansley when it was filed. *See* Declaration of Austin Hansley. But as outlined herein there are significant factual issues that are relevant to the Court's determination that Mr. Hansley should be personally sanctioned and found to have acted in bad faith. This is evident as the facts used by the Court to determine that sanctions were appropriate, and that Mr. Hansley acted in bad faith are proven false on their face in this motion.

Finally, Mr. Hansley has completed ten (10) hours of ethics credits as instructed by the Court to reinstate his Western District of Texas ECF privileges. *See* Declaration of Austin Hansley.

## MCLE TRANSCRIPT

| Compliance | Date Taken | Reporting Date | Course Number (Course #) | Course Title (Course #) | Credit Hours | Ethics Hours | Self Study Hours | Self Study Ethics Hours |
|---|---|---|---|---|---|---|---|---|
| Austin Lee Hansley: 2020 | 3/11/2020 | 3/11/2020 | 174071184 | Here Comes Trouble: Early Detection and Mitigation of Confli | 1.00 | 1.00 | 0.00 | 0.00 |
| Austin Lee Hansley: 2020 | 3/10/2020 | 3/10/2020 | 174064877 | Data Protection, Security & Legal Ethics (Update) | 1.50 | 1.50 | 0.00 | 0.00 |
| Austin Lee Hansley: 2020 | 3/10/2020 | 3/10/2020 | 174046656 | When Bad Biases Happen to Good People: A Primer on Recognizi | 1.00 | 1.00 | 0.00 | 0.00 |
| Austin Lee Hansley: 2020 | 3/10/2020 | 3/10/2020 | 174069047 | Ethics and Legal Writing Update | 1.00 | 1.00 | 0.00 | 0.00 |
| Austin Lee Hansley: 2020 | 3/10/2020 | 3/10/2020 | 174069214 | Alternative Fee Arrangements that Don't Run Afoul of the Eth | 1.00 | 1.00 | 0.00 | 0.00 |
| Austin Lee Hansley: 2020 | 3/10/2020 | 3/10/2020 | 174048608 | Examining the Gender Gap in Litigation and Compliance | 1.00 | 1.00 | 0.00 | 0.00 |
| Austin Lee Hansley: 2020 | 3/3/2020 | 3/3/2020 | 174066448 | Attorney Professionalism: Complying With Professional Norms | 1.00 | 1.00 | 0.00 | 0.00 |
| Austin Lee Hansley: 2020 | 3/3/2020 | 3/3/2020 | 174066092 | Civility and Professionalism in the Courtroom | 1.00 | 1.00 | 0.00 | 0.00 |
| Austin Lee Hansley: 2020 | 2/26/2020 | 3/3/2020 | 174069215 | Ain't Misbehavin: Avoiding Ethical Problems at the USPTO | 1.50 | 1.50 | 0.00 | 0.00 |

*See* Declaration of Austin Hansley.

8

## V. CONCLUSION

For these reasons, it is respectfully requested that this Court grant the relief requested and enter a stay of execution for the duration of these proceedings and for the Court to reinstate Mr. Hansley's ECF privileges.

Dated: March 16, 2020                                   Respectfully Submitted,

*/s/ Austin Hansley*
**HANSLEY LAW FIRM PLLC**
Austin Hansley
Texas Bar No. 24073081
2931 Ridge Rd. STE 101 #530
Rockwall, Texas 75032
Tel: (972) 528-9321 Ext. 1000
Fax: (972) 370-3559
Email: ahansley@hansleyfirm.com
www.hansleyfirm.com