IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GABRIEL DE LA VEGA,** *Plaintiff* | § § § |
| | §  W-19-CV-00612-ADA |
| -v- | § § |
| **MICROSOFT CORPORATION,** *Defendant* | § § § |

## ORDER

Before the Court is Plaintiff's Motion for Relief from Judgment Pursuant to Rule 60 of the Federal Rule of Civil Procedure, Application for Further Stay of Execution, and Supporting Memorandum. ECF No. 34. Plaintiff seeks relief from the Court's order, entered February 24, 2020, granting Defendant's Motion for Attorney's Fees and awarding other relief. *See* Order, ECF No. 33. For the reasons explained herein, the Court **DENIES** Plaintiff's Motion.

### I.   Legal Standard

"Federal Courts have inherent power to assess attorney's fees and litigation costs when a party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'" *Merkle v. Pilgrim REO, LLC*, No. 5-18-CV-588-DAE, 2019 WL 4447189, at *2 (W.D. Tex. Sept. 16, 2019) (citing *F.D. Rich Co. v. United States ex rel. Industrial Lumber*, 417 U.S. 116, 129 (1974)). "This inherent power, however, 'must be exercised with restraint and discretion.'" *Id.* (citing *Roadway Express Inc. v. Piper*, 447 U.S. 752, 764 (1980)). To ensure due process, "before imposing sanctions in accordance with its inherent authority, the Court must afford the party notice and an opportunity to be heard." *Williams v. Chase Home Fin. LLC*, No. 3:15-CV-0904-N, 2015 WL 13742549, at *5 (N.D. Tex. Jun. 17, 2015).

## II.   Discussion

Acting within its inherent power to assess attorney's fees for bad-faith filings, the Court entered an order on February 24, 2020, granting Defendant's Motion for Award of Attorney's Fees, assessing $5,457 in fees, and requiring Plaintiff's Counsel, Austin Hansley, to complete 10 hours of legal ethics courses by an accredited provider.[1] *See* Order, ECF No. 33, at 6. Defendant's motion and the Court's order came in response to Plaintiff's filing a Notice of Voluntary Dismissal Without Prejudice (ECF No. 24), which was filed *after* the Court had already dismissed the case *with* prejudice. As the Court explained in its February 24 Order, "Plaintiff and Mr. Hansley were unambiguously on notice of the nature of the Court's dismissal prior to filing the voluntary notice, and, rather than availing themselves of the proper channels by appealing to the Federal Circuit, they chose to try to circumvent Court orders." Order, ECF No. 33, at 5.

As best the Court can decipher, Plaintiff's Motion offers two arguments.[2] The first is that the Court was defrauded during a hearing on February 14, 2020 by Paul O'Finan, who had previously worked with Mr. Hansley. *See* Mot., ECF No. 34, at 2. The motion claims, generally, that Mr. O'Finan deceived the Court into believing it was Mr. Hansley who had decided to file the Notice of Voluntary Withdrawal, when it was in fact Mr. O'Finan himself. *See id.* at 3.

This argument is irrelevant. The Court did not assess attorney's fees specifically to Mr. Hansley for *his* bad faith filing, but to the Hansley Law Firm. *See* Order, ECF No. 33, at 6. The Court opted to assess attorney's fees against the Hansley Law Firm as opposed to a specific

---

[1] The Court will restore Mr. Hansley's Western District of Texas ECF filing privileges after he provides documentation that his ethics CLEs were from an <u>accredited</u> provider. The screenshots of Mr. Hansley's MCLE courses does not indicate whether those courses were from an accredited provider.

[2] The Court also takes notice of Mr. Hansley's assertion that "Mr. O'Finan is an ex-CIA employee and is a trained spy" who "may have entered [the Hansley Law Firm] to sabotage it," and of Mr. Hansley's dispute with Mr. O'Finan regarding the latter's pay and whether he was doing work on the side. Such statements are completely irrelevant to this motion, to the point that the Court wonders why Mr. Hansley included it in his motion other than to attack Mr. O'Finan's reputation and credibility.

attorney for at least three reasons. First, there does not appear to be any dispute that Mr. Hansley either made the final decision to file the Notice of Voluntary Withdrawal (*see, e.g.*, Tr. 8:11-14, February 14, 2020; *see also* Tr. 8:3-7, February 14, 2020) or did nothing to stop that filing. Mot., ECF No. 34, at 3. In either case, the Court finds that Mr. Hansley is responsible for the filing of the Notice of Voluntary withdrawal. Because Mr. Hansley is the sole member of his law firm, there is no meaningful difference in assessing the attorney's fees against the Hansley Law Firm or against Mr. Hansley himself.  Second, even if Mr. O'Finan was partially to blame (which the Court does not find), all of his work on this case was at Mr. Hansley's direction and for the benefit of the Hansley Law Firm and its client. Third, and finally, by assessing the attorney's fees against a law firm rather than a specific attorney, the Court anticipated—and hoped to avoid—a situation where if it sanctioned a specific attorney, the sanctioned attorney would attempt to shift the blame to the unsanctioned attorney and the Court would be required to decide another motion. Therefore, for at least these three reasons, given the particular facts of this situation, the Court still believes it was the wiser choice to assess attorney's fees against the Hansley Law Firm rather than a specific attorney.[3]

The second argument relates to a failure by the Court to provide Mr. Hansley with due process before assessing attorney's fees. Plaintiff cites the Court's local rules which provide that a response to a nondispositive motion must be filed within "7 days of the filing of the motion." *See* Mot., ECF No. 34, at 6. Plaintiff also complains of the lack of a hearing at which Mr. Hansley could present evidence arguing against attorney's fees. *See Roadway*, 447 U.S. at 767 (requiring such a hearing).  In other words, Mr. Hansley attempts to shift the blame away from himself by accusing the Court of failing to provide him due process.

---

[3] If the Court had to assess the attorney's fees against a specific attorney, for the reasons describe above, the Court would have assessed them against Mr. Hansley.

But the Court did have such a hearing, on February 14, 2020. ECF No. 27 (Order setting Motion Hearing for February 14, 2020); ECF No. 30 (Minutes of the February 14, 2020 hearing). Mr. Hansley chose not to attend that hearing despite that the fact that he was aware of it.[4] *See* Mins., ECF No. 30 ("O'Finan confirms that Hansley was aware of the hearing and of the court's instruction for both counsel to be present."). Because Mr. Hansley chose not to attend, he waived his right to a hearing. Therefore, the Court complied with the Supreme Court's determination that Due Process requires a hearing before a Court can exercise its inherent right to assess attorney's fees. *See Roadway*, 447 U.S. at 767.[5]

### III. Conclusion

Having considered and disposed of both of Plaintiff's arguments, and having determined that there is nothing left to resolve, the Court enters the following orders:

**IT IS ORDERED** that Plaintiff's "Motion for Relief from Judgment Pursuant to F.R.C.P. 60, Application for Further Stay of Execution, and Supporting Memorandum" (ECF No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that the Hansley Law Firm shall comply with the Court's February 24, 2020 Order and tender the requisite attorney's fees by the original deadline of March 25, 2020.

---

[4] By contrast, the Court notes that Mr. O'Finan appeared at this hearing, at his own expense and even though he was no longer part of the Hansley Law firm or being compensated for his time.

[5] Mr. Hansley also argues that the Court violated Local Rule CV-7(e)(2) (which provides that responses to a nondispositve motion must be filed no later than seven days after the filing of the motion) by granting Microsoft's motion for attorney's fees. Mr. Hansley's argument misses the point. At the hearing, Microsoft's counsel orally moved for fees as a sanction, which the Court granted. Tr. 27:5-12, 28:20-24, February 14, 2020 (Court: "Well, if [Microsoft's Counsel] and Mr. Jones will get together something that indicates the amount of time -- attorney time you put into -- having anything to do after you got the notice of attending this hearing, let me know. If you'll submit that to me, I'll take -- we will use it."). Had Mr. Hansley wished the respond, the proper time was at the hearing when Microsoft made its oral request.

SIGNED this 18th day of March, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE